UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NATHAN STEELE<br>17 Crows Nest Way<br>Tunnel Hill, Georgia 30755<br><br>on behalf of himself and all others<br>similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SWS, LLC d/b/a SECUREWATCH<br>126 South Gay Street<br>Knoxville, Tennessee 37902<br><br>Defendant. | CASE NO. 3:11cv60<br><br>JUDGE Varlan<br><br>MAGISTRATE JUDGE Guyton<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Nathan Steele, by and through counsel, and for a Complaint against Defendant SYS, LLC d/b/a SecureWatch ("SecureWatch") states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay its Installation Technicians, including Plaintiff, overtime compensation and minimum wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Tunnel Hill, Georgia.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant maintained its principal place of business in Knoxville, Tennessee.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. SecureWatch is in the business of providing installation of security systems for ADT.

13. SecureWatch has offices in a number of states, including but not limited to Tennessee, Kentucky, Ohio, North Carolina, South Carolina, and Georgia.

14. Plaintiff Nathan Steele was employed by SecureWatch as an Installation Technician between approximately February 15, 2010 and January 10, 2011.

2

15. Other similarly-situated employees were employed by SecureWatch as Installation Technicians.

16. Plaintiff and other similarly-situated Installation Technicians performed security system installations for SecureWatch.

17. Defendant SecureWatch improperly classified Plaintiff and other similarly-situated Installation Technicians as independent contractors.

18. Defendant SecureWatch controlled the manner in which Plaintiff and other similarly-situated Installation Technicians' work was performed.

19. Defendant SecureWatch's capital investments significantly outweighed the expenditures of Plaintiff and other similarly-situated Installation Technicians.

20. The opportunities of profit or loss of Plaintiff and other similarly-situated Installation Technicians were established unilaterally by Defendant SecureWatch.

21. Plaintiff and other similarly-situated Installation Technicians were employed in full-time, permanent positions.

22. Plaintiff and other similarly-situated Installation Technicians performed routine tasks that were part of Defendant SecureWatch's normal business operations.

23. The worked performed by Plaintiff and other similarly-situated Installation Technicians constituted the essential part of Defendant SecureWatch's business operations.

24. Defendant SecureWatch paid Plaintiff and other similarly-situated Installation Technicians on a piecework basis.

**(Failure to Pay Overtime Compensation)**

25. Plaintiff and other similarly-situated Installation Technicians regularly worked more than 40 hours per week.

3

Case 3:11-cv-00060  Document 1  Filed 02/04/11  Page 3 of 7  PageID #: 3

26. Plaintiff and other similarly-situated Installation Technicians were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek.

### (Failure to Pay Minimum Wages)

27. Plaintiff and other similarly-situated Installation Technicians were not paid at least the applicable minimum wage for all hours worked.

### COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current Installation Technicians employed by SecureWatch at any time between February 4, 2008 and the present.

30. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 1,000 persons.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

32. These similarly-situated employees are known to Defendant and are readily

4

identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
(Fair Labor Standards Act Violations)

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Defendant's practice and policy of misclassifying Plaintiff and other similarly-situated Installation Technicians as independent contractors violated the FLSA, 29 U.S.C. §§ 206-207.

35. Defendant's practice and policy of not paying Plaintiff and other similarly-situated Installation Technicians overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

36. Defendant's practice and policy of not paying Plaintiff and other similarly-situated Installation Technicians the applicable minimum wage for each hour worked each workweek violated the FLSA, 29 U.S.C. § 206.

37. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

38. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated Installation Technicians have been damaged in that they have not received wages due to them pursuant to the FLSA.

5

Case 3:11-cv-00060 Document 1 Filed 02/04/11 Page 5 of 7 PageID #: 5

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages and overtime compensation;

D. Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid wages and overtime compensation found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

| COHEN ROSENTHAL & KRAMER LLP | THE LAZZARO LAW FIRM, LLC |
|---|---|
| /s/ Jason R. Bristol | /s/ Anthony J. Lazzaro |
| Jason R. Bristol (0072989) | Anthony J. Lazzaro (0077962) |
| jbristol@crklaw.com | anthony@lazzarolawfirm.com |
| Thomas A. Downie (0033119) | 920 Rockefeller Building |
| tdownie@crklaw.com | 614 W. Superior Avenue |
| The Hoyt Block Building – Suite 400 | Cleveland, Ohio 44113 |
| 700 West St. Clair Avenue | 216-696-5000 [Telephone] |
| Cleveland, Ohio 44113 | 216-696-7005 [Facsimile] |
| 216-781-7956 [Telephone] | |
| 216-781-8061 [Facsimile] | |

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

_____
One of the Attorneys for Plaintiff