UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NATHAN STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:11-CV-60 |
| | ) (VARLAN/GUYTON) |
| V. | ) |
| | ) |
| SWS, LLC d/b/a SECUREWATCH, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 11] referring Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs [Doc. 10] to this Court for a report and recommendation regarding disposition by the District Judge.

Plaintiff Nathan Steele alleges that Defendant SecureWatch has improperly denied the Plaintiff and other similarly situated employees compensation, including overtime compensation and minimum wages, for work they performed as installation technicians. [Doc. 1]. The Plaintiff moves the Court for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") § 16(b), 29 U.S.C. § 216(b). [Doc. 10]. The Defendant opposes the Plaitniff's motion and argues that the Plaintiff has not made a "modest factual showing," so as to support conditional certification. [Doc. 20]. The Plaintiff has filed its final reply in support of its request [Doc. 21]. Both parties have also filed supplemental briefs. [Docs. 24 and 27].

For the reasons stated below, the undersigned finds that the Plaintiff has demonstrated the modest factual showing required for conditional certification of a collective action. Accordingly, the undersigned will **RECOMMEND** that the Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs be **GRANTED**.

**I.     BACKGROUND**

SWS, Inc., which does business as Securewatch, (hereinafter "Securewatch"), is in the business of installing security systems for ADT Security Services, Inc. Plaintiff alleges that Securewatch has offices in a number of states including Tennessee, Kentucky, Ohio, North Carolina, South Carolina, and Georgia. [Doc. 1 at 2]. SecureWatch's principal place of business is in Knoxville, Tennessee. [Doc. 1 at 2].

Nathan Steele (hereinafter "Plaintiff") was employed by SecureWatch as an installation technician from approximately February 15, 2011, to January 10, 2011. He has filed this proposed collective action complaining that Securewatch improperly classified the Plaintiff and other similarly situated installation technicians as independent contractors. [Doc. 1 at 3]. The Plaintiff alleges that SecureWatch did not pay the Plaintiff and other similarly situated installation technicians overtime wages or minimum wages, based upon the improper classification of these workers as independent contractors. [See Doc. 1 at 3-4].

Plaintiff and other similarly situated installation technicians performed security installations for SecureWatch. Plaintiff alleges that SecureWatch: controlled the manner in which Plaintiff and other similarly situated installation technicians performed their work; invested capital in the

2

enterprise that significantly outweighed expenditures of the Plaintiff and other similarly situated installation technicians; established unilaterally the opportunities for profit and loss for the Plaintiff and other similarly situated installation technicians; employed the Plaintiff and other similarly situated installation technicians in full-time, permanent positions; had Plaintiff and other similarly situated installation technicians perform routine tasks that were pare of SecureWatch's normal business operations; and had Plaintiff and other similarly situated installation technicians perform work that constituted the essential part of SecureWatch's business operations. [Doc. 1 at 3]. Despite these actions, Plaintiff alleges that SecureWatch classified Plaintiff and other similarly situated installation technicians as independent contractors and paid them on a piecework basis. [Doc. 1 at 3].

The Plaintiff sues on behalf of himself and other similarly situated installation technicians. The Plaintiff seeks to bring this suit as a collective action and to certify a class of "[a]ll former and current installation technicians employed by SecureWatch at any time between February 4, 2008 and the present."[1] [Doc 1 at 4]. Plaintiff avers that this class would consist of at least 1,000 persons. [Doc. 1 at 4].

---

[1]Pursuant to 29 U.S.C. § 255, an action for unpaid minimum wages or unpaid overtime may be commenced "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." In this case, the Plaintiff has alleged a willful action, and thus, the three-year statute of limitations would apply. The Complaint in this action was filed February 4, 2011, requesting a class be certified to include installation technicians employed by SecureWatch "any time between February 4 and the present." [Doc. 1 at 4]. This request appears to comply with the applicable statute of limitations.

3

## II. ANALYSIS

The FLSA directs that an employee or employees may bring an action "against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

A collective action furthers several important policy goals. First, the collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.

A plaintiff alleging a FLSA violation can bring a representative action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 545 (6th Cir. 2006) (citations omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. See id.

In an FLSA action, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Hoffmann-La Roche, 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed

plaintiffs are similarly situated. The first phase takes place at the beginning of discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. See Comer, 454 F.3d at 547.

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011). During the first stage, the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify. See Comer, 454 F.3d at 547. While "lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs,"O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584 (6th Cir. 2009), requests for conditional certification "typically result[] in 'conditional certification' of a representative class." Hipp v. Liberty Nat'l Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1297, 1204 (5th Cir.1995)).

While the required level of proof is minimal and lenient at the first stage, the court should exercise caution in granting conditional certification, because the Court of Appeals for the Sixth Circuit has held "that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable." See Albright v. Gen. Die Casters, Inc., 2010 WL 6121689, at *1 (N.D. Ohio 2010) (quoting Comer, 454 F.3d at 549). The court and the parties should be mindful, however, that certification at this first stage is "by no means final." Id. at 546 (citation omitted).

Turning to the facts of the instant case, the Plaintiff has alleged that SecureWatch's practice and policy of misclassifying Plaintiff and other similarly situated installation technicians as

5

independent contractors violated the FLSA, 29 U.S.C. §§ 206-207. The Plaintiff alleges that SecureWatch willfully, knowingly, and/or recklessly violated the provisions of the FLSA by not paying the installation technicians overtime compensation at a rate of one and one-half times their regular rate of pay for hours they worked in excess of forty hours per workweek and by not paying the applicable minimum wage for each hour of work performed each workweek. [Doc. 1 at 5].

The Plaintiff has submitted a declaration stating that he worked installing ADT security systems for SecureWatch from approximately February 15, 2010, to January 10, 2011. [Doc. 10-2]. He states that SecureWatch classified him as an independent contractor and paid him on a piecework basis. Consistent with the Complaint, the Plaintiff attests that SecureWatch: controlled the manner in which his work was performed; made investments that significantly outweighed the Plaintiff's expenditures; established the Plaintiff's opportunities for profit and loss; and required that the Plaintiff perform routine tasks that were essential to SecureWatch's normal business operations. The Plaintiff states that he was not paid overtime compensation nor was he paid the minimum wage.

In his declaration, the Plaintiff states his belief that he is similarly situated to the class of potential opt-in plaintiffs because, during his employment at SecureWatch, he observed that he and the class were: (1) employed as installation technicians; (2) classified as independent contractors; (3) paid on a piecework basis; (4) not paid overtime compensation for the hours they worked over forty hours in a workweek; and (5) not paid the applicable minimum wage for each hour they worked each workweek. [Doc. 10-2 at 2].

Joseph G. Cornetto of El Cajon, California, has submitted a substantially similar declaration, which states that he worked for SecureWatch from August 22, 2008, to July 10, 2010, and includes the same certifications and statements as the Plaintiff's declaration. [Doc. 10-3 at 1-2]. John D.

6

Flowers of Harrogate, Tennessee, has submitted a substantially similar declaration, which states that he worked for SecureWatch from November 10, 2008, to July 7, 2010, and includes the same certifications and statements as the Plaintiff's declaration. [Doc. 10-3 at 3-4]. Rodney Lowery of Harriman, Tennessee, has submitted a substantially similar declaration, which states that he worked for SecureWatch,[2] and includes the same certifications and statements as the Plaintiff's declaration. [Doc. 10-3 at 5-6]. William M. Sayre, of Rocky Face, Georgia, has submitted a substantially similar declaration, which states that he worked for SecureWatch from February 15, 2010, to January 10, 2011, and includes the same certifications and statements as the Plaintiff's declaration. [Doc. 10-3 at 7-8]. Chris Simmons of Dayton, Tennessee, has submitted a substantially similar declaration, which states that he worked for SecureWatch from November 5, 2010, to January 28, 2011, and includes the same certifications and statements as the Plaintiff's declaration. [Doc. 10-3 at 9-10]. Ron Thomas of Sweetwater, Tennessee, has submitted a substantially similar declaration, which states that he worked for SecureWatch from September of 2008 to March of 2010, and includes the same certifications and statements as the Plaintiff's declaration. [Doc. 10-3 at 11-12].

SecureWatch has responded in opposition to the Plaintiff's motion. SecureWatch argues that the Plaintiffs have not provided any evidence that SecureWatch subjected its installation technicians to a uniform policy or plan that violated the law. [Doc. 20 at 2]. SecureWatch maintains that the Plaintiff's declaration and potential opt-in plaintiffs' declaration are "unsubstantiated," and do not demonstrate that their substantive claims are proper for class certification. [Doc. 20 at 2]. SecureWatch also contends that the contractor classification issue presented in the Plaintiff and potential opt-in plaintiffs' claims will require fact-intensive analysis, and therefore, certification is

---

[2] Mr. Lowery did not supply clear dates in his declaration.

not appropriate. [Doc. 24 at 1].

The Court has considered SecureWatch's objections, but after reviewing the allegations in this case and the declarations submitted by the potential opt-in plaintiffs, the Court finds that the Plaintiff's request for conditional certification is well-taken. SecureWatch argues that the Plaintiff has not identified a policy or plan to which SecureWatch subjected its installation technicians, but this argument is without merit because the Court of Appeals for the Sixth Circuit has held that a plaintiff is not required to present evidence of a unified policy in order for an opt-in class to be created. See O'Brien, 575 F.3d at 585. Instead, the Court of Appeals has concluded that plaintiffs are similarly situated, where their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id.

The Court finds that the declarations submitted by the Plaintiff and potential opt-in plaintiffs are sufficient to show that they are similarly situated for conditional certification. The undersigned will **RECOMMEND** that the Plaintiff's motion be **GRANTED**. Following the completion of discovery and the expiration of the opt-in period, SecureWatch may move the Court to de-certify the class if it appears that the potential plaintiffs are not similarly situated based upon the facts revealed through discovery. See Hipp, 252 F.3d at 1218.

Finally, while the Court finds the Plaintiff's motion to be well-taken, the Court finds that the discovery schedule suggested in the order proposed by the Plaintiff [Doc. 10-1] is unnecessarily short. The Court **RECOMMENDS** that the District Judge **ORDER** SecureWatch to answer the Plaintiff's Expedited Opt-In Discovery within **thirty (30) days** of the entry of an order on this issue and **ORDER** the parties to submit to the Court proposed language for notification and consent forms within **forty-five (45) days** of the entry of an order on this issue.

## III. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[3] that the Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs **[Doc. 10]** be **GRANTED**, except that the proposed discovery and notification deadlines be extended as stated above.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).