UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NATHAN STEELE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 3:11-CV-60 |
| SWS, LLC d/b/a SECUREWATCH | ) VARLAN/GUYTON ) |
|     Defendant. | ) ) ) |

**DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Comes now Defendant SWS, LLC d/b/a SecureWatch ("SecureWatch"), by and through counsel and pursuant to Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1), and submits its Objections to the Report and Recommendation of the United States Magistrate Judge.

### I.    INTRODUCTION AND STATEMENT OF OBJECTIONS

Plaintiff Nathan Steele filed this action on February 4, 2011, claiming that SecureWatch improperly classified him and its other installation technicians as independent contractors in violation of the Fair Labor Standards Act ("FLSA"). On March 10, 2011, Plaintiff filed a Motion for Conditional Certification, Expedited Discovery and Court-Supervised Notice to Potential Opt-In Plaintiffs ("Plaintiff's Motion"). Following briefing by the parties, the Magistrate Judge entered his Report and Recommendation on June 24, 2011, recommending that the Plaintiff's Motion be granted, subject to certain changes to Plaintiff's proposed discovery and notification deadlines.

SecureWatch objects to the Magistrate Judge's Report and Recommendation on the grounds that he misconstrued and misapplied the applicable law regarding the scope of the proposed class. Specifically, SecureWatch objects to the Magistrate Judge's recommendation to

conditionally certify a class comprised of all "former and current Installation Technicians *employed* by SecureWatch at any time between February 4, 2008 and the present." (Report and Recommendation p. 9 and Plaintiff's Motion) (emphasis added). As detailed below, the scope of the class should be limited to those installation technicians who worked for SecureWatch as independent contractors out of its Knoxville and Chattanooga offices during the relevant time period. In accordance with Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, SecureWatch asks the Court to make a *de novo* determination and reject the recommendations of the Magistrate Judge on this issue.

## II. STATEMENT OF RELEVANT FACTS

SecureWatch is an authorized dealer for ADT Security Services, Inc. ("ADT"), the nation's leading provider of electronic security solutions. (Declaration of Jimmy McKinnon ("McKinnon Decl.") at ¶ 3).[1] As an authorized dealer, SecureWatch markets, sells, installs and services ADT electronic security systems to residential and commercial customers within its defined geographic area. (*Id.*) Headquartered in Knoxville, Tennessee, SecureWatch maintains offices in several states, including Tennessee, Virginia, Georgia, North Carolina, South Carolina, Florida, Alabama, Mississippi, Kentucky, Indiana and Ohio. (*Id.*) SecureWatch utilizes installation technicians to install the ADT security systems for its customers. (*Id.* at ¶4). Before January 2011, the installation technicians utilized by SecureWatch worked as independent contractors and were not SecureWatch employees. (*Id.*).

---

[1] A true and accurate copy of the Declaration of Jimmy McKinnon is attached as **Exhibit 1** to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification, Expedited Discovery and Court-Supervised Notice to Potential Opt-In Plaintiffs.

### III. ARGUMENT AND CITATION OF AUTHORITY

The Magistrate Judge erroneously found in his Report and Recommendation that Plaintiff is entitled to companywide certification, despite the fact that Plaintiff has failed to make any showing that he is similarly situated to a class that would encompass all of SecureWatch's installation technicians companywide. In support of his Motion for Conditional Certification, Plaintiff relies on his own Declaration, as well as the virtually identical, fill in the blank Declarations of opt-in Plaintiffs Joseph Cornetto, John Flowers, Rodney Lowery, Michael Sayre, Chris Simmons and Ron Thomas (collectively referred to hereafter as "Plaintiffs").[2] These Declarations state that Plaintiffs "believe" they are similarly situated to the proposed class members because they were: (a) employed as installation technicians; (b) classified as independent contractors; (c) paid on a piecework basis; (d) not paid overtime for hours worked more than forty in a workweek; and (e) not paid the applicable minimum wage for each hour worked in each workweek. (Plaintiffs' Declarations at ¶ 14). Plaintiffs do not claim to have any personal knowledge regarding how SecureWatch treated other installation technicians, nor do they offer any evidence whatsoever in support of their "belief" that they are similarly situated to other installation technicians. Instead, Plaintiffs merely state that they "believe" they are similarly situated to the potential class members. (Plaintiffs' Declarations at ¶ 14).

Plaintiffs' alleged evidence does not justify conditional certification of all installation technicians "employed" by SecureWatch companywide. "It is the plaintiffs' responsibility to

---

[2] True and accurate copies of the Declarations of Nathan Steele, Joseph Cornetto, John Flowers, Rodney Lowery, Michael Sayre, Chris Simmons and Ron Thomas are attached as **Exhibits 2 and 3** to their Motion for Conditional Certification. A true and accurate copy of the Declaration of Richard Steinham is attached as **Exhibit 1** to the Supplement to Plaintiffs' Motion for Conditional Certification. These Declarations are collectively referred to hereafter as "Plaintiff's Declarations."

3

prove to the Court the scope of the alleged violations of the FLSA" and the Court should not allow certification of a large, diverse class unless Plaintiffs make a strong showing that the alleged violations occurred beyond their own experiences. *See Clark v. Dollar General Corp.*, 2001 U.S. Dist. LEXIS 25976, at *12-*13 (M.D. Tenn. May 23, 2001) (holding that allegations of FLSA violations in seven stores was "insufficient to prove a nationwide policy or practice"). Plaintiffs clearly cannot make such a showing.

A.  **The Class Should Be Limited To Installation Technicians Who Worked As Independent Contractors.**

As an initial matter, the class should be limited to those installation technicians who worked as independent contractors for SecureWatch during the relevant time period, and should not include any installation technicians who worked as employees of the company. In his Report and Recommendation, the Magistrate Judge held that plaintiffs are similarly situated for purposes of conditional certification "where their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" (Report and Recommendation p. 8, *quoting O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)).

It is undisputed that Plaintiff "filed this proposed collective action complaining that SecureWatch improperly classified the Plaintiff and other similarly situated installation technicians as independent contractors" and that, based on this alleged improper classification, "SecureWatch did not pay the Plaintiff and other similarly situated installation technicians overtime wages or minimum wages." (Report and Recommendation p. 2). In other words, Plaintiffs rely on their theory that SecureWatch violated the FLSA by improperly classifying the installation technicians as independent contractors to show that they are similarly situated to the putative class members. Thus, the class must be limited to those installation technicians who

4

were classified as independent contractors during the relevant time period since any installation technician classified by SecureWatch as an employee would not be "unified by common theories of [SecureWatch's] statutory violations." *See, O'Brien*, 575 F.3d at 585.

**B.     The Class Should Also Be Limited To The Knoxville And Chattanooga Offices.**

Similarly, the proposed class should be limited to those installation technicians who worked as independent contractors in SecureWatch's Knoxville and Chattanooga offices.[3]  As detailed above, Plaintiffs have not shown that they have any personal knowledge beyond the nature of their individual relationship with SecureWatch.  This Court has held that testimony that is not based on personal knowledge has no more probative value at the conditional certification stage than bare allegations in the complaint:

> affidavits submitted at the notice stage must be based on the personal knowledge of the affiant.  If the Court were to conclude otherwise, affidavits submitted would not be any more probative than the bare allegations in the complaint, and the requirement of factual support would be superfluous.

*White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006).  Because Plaintiffs' testimony has no probative value beyond their own personal situation and circumstances, it does not show that Plaintiffs are similarly situated to a class that would include all of SecureWatch's installation technicians companywide.

---

[3] While the Magistrate Judge does not specifically address the scope of the class in his Report and Recommendation, he did note that opt-in Plaintiffs Cornetto, of El Cajon, California, Flowers, of Harrogate, Tennessee, Lowery, of Harriman, Tennessee, Sayre, of Rocky Face, Georgia, Simmons, of Dayton, Tennessee, and Thomas, of Sweetwater, Tennessee, submitted Declarations in support of Plaintiff's Motion. (Report and Recommendation pp. 6-7).  To the extent the Magistrate Judge relied on the opt-in Plaintiffs' current residence as evidence that their testimony and knowledge extends beyond the Chattanooga and Knoxville offices, such reliance is misplaced.  As installation technicians, Plaintiffs worked out of SecureWatch's Knoxville or Chattanooga offices.  (McKinnon Decl. at ¶ 11).  Plaintiffs' current city and/or state of residence is, therefore, of no relevance in determining the scope of the proposed class.

5

In *Clark v. Dollar General Corp.*, the plaintiffs, two assistant store managers, sought to conditionally certify a nationwide class of assistant managers based on declarations submitted by individuals who had worked at seven of the defendant's stores in Alabama and Tennessee. *Id.* at *11 - *13. The plaintiffs contended that each of the defendant's stores were subject to the same uniform policies and procedures designed to minimize labor costs by requiring assistant managers to work "off the clock." *Id.* at *8-*9. The Court held that while the plaintiffs had produced sufficient evidence to show that there were violations in the defendant's stores in Alabama and Tennessee, "the allegations of violations in these seven stores are insufficient to prove a nationwide policy or practice." *Id.* at *12-*13. As a result, the Court limited the potential class and declined to allow certification or provision of notice to all of the defendant's assistant managers nationwide. *Id.* at 14 (*citing Harper v. Lovett's Buffett, Inc., et al.*, 185 F.R.D. 358, 363 (M.D. Ala. 1999) (finding that possible FLSA violations at one location and unsupported allegations of widespread wrongdoing at other locations were insufficient to warrant conditional certification companywide); *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 948 (M.D. Fla. 1994) (finding that the plaintiffs had failed to show that employees working at truck terminals other than the terminal where named plaintiffs worked were similar to the named plaintiffs)).

Here, Plaintiffs have failed to demonstrate that they can represent a class as large and diverse as one that would include all of SecureWatch's installation technicians companywide. As installation technicians, Plaintiffs worked out of SecureWatch's Knoxville or Chattanooga offices. (McKinnon Decl. at ¶ 11). Plaintiffs have not shown that they have any personal knowledge beyond the nature of their individual relationship with SecureWatch. In fact, their testimony is limited entirely to their own personal situation and circumstances. (*See* Plaintiffs'

6

Declarations). Since Plaintiffs' worked as installation technicians in Knoxville and Chattanooga, the class should be limited to those two offices. *See Clark*, 2001 U.S. Dist. LEXIS 25976 at *12-*13.

The job postings submitted by Plaintiffs as part of their Reply Brief, which are completely void of any information relative to the installation technician position, do not remedy this clear deficiency in Plaintiffs' proof.[4] First and foremost, the SecureWatch job postings relied upon by Plaintiffs are not job descriptions. They do not contain even a general description of the "Installer" position, much less information regarding the general tasks, functions, responsibilities, qualifications or skills required for the position. They also do not state whether individuals hired for the "Installer" position will be classified as an independent contractor or an employee. In fact, a plain reading of the job postings demonstrates that they contain no information whatsoever regarding an "Installer" position, other than providing notice that SecureWatch was hiring for such a position. In short, the job postings are "help wanted" ads that in no way demonstrate that Plaintiffs are similarly situated to the putative class members.

Moreover, the majority of the job postings relate to job openings outside of the relevant time period. Of the approximately fourteen job postings attached to the Lopez Declaration, only three are dated before January 28, 2011, the last date on which any Plaintiff purports to have provided services to SecureWatch. (*See* Plaintiffs' Declaration at ¶ 2). Because the job postings do not relate to the period in which Plaintiffs worked for SecureWatch as installation technicians, Plaintiffs cannot rely on them to demonstrate that they are similarly situated to putative class members companywide.

---

[4] A true and accurate copy of the Declaration of Lawrence C. Lopez, and the attached job listings, are attached as **Exhibit 1** to Plaintiff's Reply Memorandum.

7
719638.1
Case 3:11-cv-00060-TAV-HBG   Document 29   Filed 07/08/11   Page 7 of 9   PageID #: 261

In sum, Plaintiffs have not shown that they have any personal knowledge beyond the nature of their individual relationship with SecureWatch. Similarly, the job postings relied upon by Plaintiffs merely show that SecureWatch was hiring for an "Installer" position in the geographic areas and time periods evidenced therein. They do not contain any information to support Plaintiffs' contention that they are similarly situated to the putative class members. Because Plaintiffs have failed to set forth any evidence that they are similarly situated to SecureWatch's installation technicians companywide, the class should be limited to the installation technicians who worked for SecureWatch as independent contractors in its Knoxville and Chattanooga offices during the relevant time period. *See Clark*, 2001 U.S. Dist. LEXIS 25976 at *12-*13.

## IV. CONCLUSION

For these reasons, SecureWatch respectfully submits that the Court should reject the recommendations of the United States Magistrate Judge regarding the scope of the purported class and, instead, limit the purported class to the installation technicians who worked for SecureWatch as independent contractors in its Knoxville and Chattanooga offices during the relevant time period.

Respectfully submitted this 8th day of July, 2011.

                              WOOLF, McCLANE, BRIGHT,
                                ALLEN & CARPENTER, PLLC

                              By: */s/ J. Keith Coates Jr.*_____
                                  J. Chadwick Hatmaker, (BPR #018693)
                                  J. Keith Coates, Jr. (BPR #025839)

                              Post Office Box 900
                              Knoxville, Tennessee 37901-0900
                              (865) 215-1000
                              *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 8, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                By:*/s/ J. Keith Coates, Jr.*
                                    J. Chadwick Hatmaker, (BPR #018693)
                                    J. Keith Coates, Jr., (BPR #025839)

                                  WOOLF, McCLANE, BRIGHT,
                                     ALLEN & CARPENTER, PLLC
                                  Post Office Box 900
                                  Knoxville, Tennessee 37901-0900
                                  (865) 215-1000