UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| NATHAN STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:11-CV-60 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| SWS, LLC d/b/a SECUREWATCH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is a civil action in which plaintiff, Nathan Steele, claims that defendant, SWS, LLC, d/b/a SecureWatch ("SecureWatch"), improperly classified him and other installation technicians as independent contractors in violation of the Fair Labor Standards Act (the "FLSA"). This action is now before the Court on the Report and Recommendation ("R&R") [Doc. 28], entered by U.S. Magistrate Judge H. Bruce Guyton on June 24, 2011, in which Judge Guyton recommended that plaintiff's Motion for Conditional Certification, Expedited Opt-in Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs ("motion for conditional certification") [Doc. 10] be granted, subject to certain changes in plaintiff's proposed discovery and notification deadlines. Securewatch has filed an objection to the R&R [Doc. 29], to which plaintiff has filed a response [Doc. 31].

I. **Standard of Review**

This Court must conduct a de novo review of portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive,

or general.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge.  28 U.S.C. § 636(b)(1).

**II.     Analysis**

In the R&R, Magistrate Judge Guyton found that the declarations submitted by plaintiff and the potential opt-in plaintiffs to the class were sufficient to show that they were similarly situated for conditional certification of a collective action [Doc. 28, pp. 8-9], that class consisting of "[a]ll former and current installation technicians employee by SecureWatch at any time between February 4, 2008 and the present." [*Id.*, p. 3]. Accordingly, the magistrate judge recommended that plaintiff's motion for conditional certification be granted [*Id.*, p. 8].

SecureWatch objects to this finding and recommendation and argues that the magistrate judge misconstrued and misapplied the applicable law regarding the scope of the proposed class.  SecureWatch asserts that the "companywide" scope of the class is erroneous and argues that the class should be limited to installation technicians who worked for SecureWatch as independent contractors in its Knoxville and Chattanooga offices during the relevant time period.

There are two parts to SecureWatch's objection.  First, that the class should be limited to installation technicians who worked as independent contractors and should exclude any installation technicians who worked as employees.  Second, that the class should be limited

to installation technicians who worked as independent contractors in SecureWatch's Knoxville and Chattanooga offices.

Plaintiff agrees with the first part of SecureWatch's objection that the class may be limited to exclude "any installation technician classified by SecureWatch as an employee." However, plaintiff asserts that any modification should include an additional proviso so that the scope of the class definition states as follows:

> All former and current installation technicians employed by SecureWatch at any time between February 4, 3008 and the present, excluding any installation technician who was classified by SecureWatch as an employee, treated as eligible for overtime compensation, and paid the minimum wage and any overtime compensation he or she was due.

Plaintiff disagrees with the second part of SecureWatch's objection that the scope of the class should be limited to installation technicians who worked for SecureWatch in its Knoxville and Chattanooga offices during the relevant time period.

### A. Limiting the Class to Installation Technicians Who Worked as Independent Contractors

Upon review of the R&R, SecureWatch's objections, and plaintiff's response, the Court will grant the first part of SecureWatch's objection. Accordingly, the definition of the proposed class is modified to state as follows: all former and current installation technicians employee by SecureWatch at any time between February 4, 2008 and the present, **excluding any installation technician classified by SecureWatch as an employee**. The Court declines, at this time, to add the additional proviso requested by plaintiff.

3

### B. Limiting the Class to the Knoxville and Chattanooga Offices

SecureWatch asserts that plaintiff has failed to show that he is entitled to companywide class certification because the declarations submitted by the opt-in plaintiffs, who all worked in SecureWatch's Knoxville and Chattanooga offices, do not claim any personal knowledge beyond their own experiences with SecureWatch regarding how the company treated other installation technicians. SecureWatch also asserts that the opt-in plaintiffs have not offered any evidence in support of their professed belief that they are similarly situated to other installation technicians. Citing *Clark v. Dollar Gen. Corp.*, SecureWatch asserts that plaintiff must make a strong showing that the alleged FLSA violations occurred beyond plaintiff's or the opt-in plaintiffs' own experiences, and that allegations of violations in only two offices are insufficient to prove a companywide policy or practice. No. 3:00-0729, 2001 WL 878887 (M.D. Tenn. May 23, 2001). SecureWatch also points to fourteen (14) job postings pertaining to open installation technician positions at SecureWatch submitted by plaintiff in his reply brief. SecureWatch asserts that these job postings do not demonstrate that the opt-in plaintiffs are similarly situated to other installation technicians because the postings provide little information about the positions, are little more than "help-wanted" ads, do not state whether the positions were classified as independent contractor positions or employee positions, and because all but three of the postings relate to job openings outside of the relevant time period.

Plaintiff responds that the magistrate judge properly applied the "lenient" standard for the first stage of certification of a collective action, as that standard has been articulated by

the U.S. Court of Appeals for the Sixth Circuit in *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-48 (6th Cir. 2006) and *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009), and asserts that SecureWatch has submitted no evidence or factual information that installation technician positions in other SecureWatch offices were different in any respect from the positions held by plaintiff and the opt-in plaintiffs in the Knoxville and Chattanooga offices. Plaintiff argues that the magistrate judge properly found that the job postings show that SecureWatch made substantively identical postings for the installation technician position across its geographic area of business and that these postings, together with the declarations of plaintiff and the opt-in plaintiffs, are sufficient to demonstrate the modest factual showing required for conditional certification of a collective action. Last, plaintiff asserts that *Clark*, relied upon by SecureWatch in its objection, was decided prior to *Comer* and *O'Brien* and is distinguishable from the present case on facts relevant to the companywide scope of the class and the related showings made by the parties in regard to conditional certification of that class.

The Court agrees with plaintiff that Magistrate Judge Guyton properly construed and applied the applicable law regarding conditional certification, as that law has been articulated in the Sixth Circuit cases of *Comer* and *O'Brien*. Those cases state that the standard of certification in FLSA cases of this type is "fairly lenient," requires only a "modest factual showing," *see Comer*, 454 F.3d at 547 (internal citations and quotations omitted), and does not require a plaintiff to submit evidence of a unified policy in order to obtain conditional certification. *See O'Brien*, 575 F.3d at 584. SecureWatch has not pointed to any other case

5

by which the Court would find this standard or plaintiff's required proof for conditional certification to be otherwise.

The Court also disagrees with SecureWatch's objection to the R&R's recommendation regarding the scope of the class and request that it be limited to the Knoxville and Chattanooga offices. In *Clark*, cited by SecureWatch, the defendant produced evidence in opposition to the plaintiffs' argument that assistant managers throughout all of the defendant's stores were similarly situated for purposes of the alleged FLSA violations. 2001 WL 878887, at *3. This included evidence that the defendant's stores did not follow centralized policies and procedures, that there was no centralized control over payrolls in individual stores, no regional or national policy regarding "off the clock" work, no common country-wide compensation plan, and that local and district managers retained autonomy in implementing store-specific budget plans. *Id.* at *3-*5. In this case, SecureWatch has not offered any assertions that the relevant policies and procedures followed in SecureWatch's various offices were different or individualized, nor has SecureWatch submitted evidence similar to that presented in *Clark* demonstrating differences in the positions of installation technicians by store, geographic location, or otherwise.

As to the job postings submitted by plaintiff, the Court does not find that these postings may properly be called "job descriptions" of available installer technician positions. While the postings are indeed substantially similar, they do not contain any information regarding the tasks, functions, qualifications, or responsibilities of the advertised positions. However, given the lenient standard for conditional certification applied in the Sixth Circuit

6

and by Judge Guyton in the R&R, and the Sixth Circuit's emphasis in *Comer* that plaintiffs need only show at this first stage that they are "similar, not identical, to the positions held by putative class members," *Comer*, 454 F.3d at 547 (quoting *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)), the Court finds the allegations of plaintiff and the declarations submitted by the opt-in plaintiffs, along with the limited information provided by the job postings, sufficient to meet the first stage for a collective action. The Court emphasizes, however, that this is only the first stage for class certification purposes and notes that subsequent discovery may reinforce or undermine plaintiff's claims that the members of this class are similarly situated. Accordingly, following the completion of discovery and the expiration of the opt-in period, SecureWatch may move the Court to decertify the class if it appears the potential plaintiffs are not similarly situated. *See Hipp v. Liberty Nat'l Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

### III.    Conclusion

For the reasons given above, SecureWatch's objection [Doc. 29] to the R&R is **SUSTAINED in part** and **OVERRULED in part**. The objection is **SUSTAINED** to the extent that the R&R's recommendation regarding the scope of the class definition is **MODIFIED** in accordance with the modified definition of the proposed class given above. The objection is **OVERRULED** to the extent that the scope of the class shall not be limited to SecureWatch's Knoxville and Chattanooga offices. In all other respects, the Court **ACCEPTS** the recommendations of the R&R [Doc. 28] and plaintiff's Motion for Conditional Certification, Expedited Opt-in Discovery, and Court-Ordered Supervised Notice

to Potential Opt-in Plaintiffs [Doc. 10] is hereby **GRANTED**, except that the proposed discovery and notification deadlines are extended consistent with what is stated in the R&R.

IT IS SO ORDERED.

                                                  s/ Thomas A. Varlan
                                                  UNITED STATES DISTRICT JUDGE

8

Case 3:11-cv-00060-TAV-HBG   Document 33   Filed 07/28/11   Page 8 of 8   PageID #: 286